## BILLINGS v. PEARSON.

### Court of Appeal, Third District; May 15, 1906.

#### 86 Pac. 825.

Ejectment—Nonsuit.—Where, in Ejectment, Plaintiff Introduced no evidence tending to show her right to the land, that she had been ousted of her possession by defendant, or that she had any right to eject defendant, a nonsuit was properly granted.

APPEAL from Superior Court, Sacramento County; J. W. Hughes, Judge.

Ejectment by Miranda S. Billings against James Pearson. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Howard & Wharton for appellant; J. Frank Brown for respondent.

BUCKLES, J.—This is an action in ejectment; the plaintiff seeking to eject defendant from a strip of swamp and overflowed land containing three and nineteen hundredths acres and lying along the bank of the Sacramento river in front of land conceded to belong to the defendant. Appellant introduced her testimony, and when she rested respondent moved a nonsuit, which was granted, and from the order and judgment of nonsuit this appeal is prosecuted.

The defendant's land is in two descriptions, having received it from Johnson by deed at two different times. The calls in the first deed dated April 23, 1867, are as follows: "Commencing at a stake on the east bank of the Sacramento river . . . . 150 feet north from the junction of the north bank of the old American river with said last bank of said Sacramento river." The line then runs thence east and thence north and "thence west" to the bank of the Sacramento river; "thence down Sacramento river with the meanderings of said river to the place of beginning, containing fifteen acres more or less." There can be no doubt but what the west boundary line of this fifteen-acre tract is the east bank of the Sacramento river, and the grantor, Johnson, owned no land west of that boundary line. Defendant bought the second piece of six acres from said Johnson June

17, 1867, and this is described in the deed as follows: "Commencing at the center of a large oak tree on the edge of the east bank of the Sacramento river about sixty-four rods north from the junction of the old American river and the Sacramento river; running thence easterly . . . . forty rods; thence south twenty-five rods to Pearson's north line; thence west . . . . to the bank of the Sacramento river; thence to the place of beginning." There is some controversy as to the point of commencement in this last description. The "large oak tree" mentioned as the point of beginning does not seem to have stood on the east bank of the Sacramento river at that time. But the grantor and grantee evidently believed it did, and so intended to include in this conveyance all the land up to the bank of the river. The west boundary of Johnson's land was the east bank of the Sacramento as it existed in the year 1867. From 1867 up to 1898 accretion had formed in front of these lands, and the bank of the river had receded sufficiently to form the land in controversy, as shown by the map introduced by plaintiff. The deed of said Johnson to the plaintiff, made April 16, 1885, contains exactly the same description of the land owned by Johnson prior to his deeds to Pearson, and excepts from such conveyance to plaintiff the land (fifteen and six acres) theretofore deeded to defendant Pearson, the west boundary line being fixed on the east bank of the Sacramento river. The map shows the three and nineteen hundredths acres in controversy to be located along the east bank of the Sacramento river as it now exists, and immediately in front of the fifteen and six acres of land of defendant, and is evidently accretions thereto as appears from said map. All these deeds were put in evidence by plaintiff.

The motion for nonsuit was made upon the following grounds: "(1) That the evidence, as introduced by plaintiff, does not show that the land in controversy has at any time ever been owned, or occupied or possessed by the plaintiff. (2) That the evidence does not show that defendant Pearson ever entered upon or ousted the plaintiff from the land in controversy. (3) That the evidence does not show that plaintiff is the owner or possessor, or entitled to the possession, of the land in controversy at the present time, or at the time of the commencement of this action." We do not think there was any testimony at all tending to show plain-

tiff's right to the land, that she had been ousted of her possession by the defendant, or that she has any right to eject the defendant.    There being no testimony tending to show any of these essential matters, we think the nonsuit was properly granted.

The order and judgment are affirmed.

We concur: Chipman, P. J.; McLaughlin, J.


Petition for Rehearing; June 15, 1906.

BUCKLES, J.—We see no reason for disturbing our former opinion in this matter.    We think it is clear the west boundary line of defendant's deeds was the Sacramento river, and the calls in his deeds can have no other reasonable construction or meaning.

Rehearing is denied.

We concur: Chipman, P. J.; McLaughlin, J.